IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDYN FALCONER ) | |
| ) | Case No. 10 C 1013 |
| Plaintiff, ) | |
| ) | Judge Gary Feinerman |
| v. ) | |
| ) | Magistrate Judge Arlander Keys |
| GIBSONS RESTAURANT GROUP, L.L.C., ) | |
| ANDREW BARCA, SANDER WEINER, ) | |
| and MATHIAS HOLKA ) | |
| ) | |
| Defendants. ) | |

## PARTIES' JOINT STATUS REPORT

Plaintiff Brandyn Falconer ("Plaintiff"), Defendant Hugo's, L.L.C., improperly sued as Gibsons Restaurant Group, L.L.C. ("Defendant Hugo's"), and Defendants Andrew Barca, Sander Weiner and Mathias Holke (the "Individual Defendants"), pursuant to the Court's September 16, 2010 Order, submit the following Joint Status Report:

**A.** **Nature of the Case**

    **1.** **Attorneys of Record**

Plaintiff is represented by Christopher A. Cooper, Law Office of Christopher Cooper, Inc., and Kellie Waters, The Law Practice of Kellie Walters. Mr. Cooper is lead trial counsel for Plaintiff.

Defendant Hugo's is represented by James J. Convery and Antonio Caldarone of Laner Muchin Dombrow Becker Levin and Tominberg, Ltd. Mr. Convery is lead trial counsel for Defendant Hugo's.

The Individual Defendants are not represented by attorneys and each appears *pro se*.

    **2.** **Basis for Federal Jurisdiction**

Plaintiff's Complaint alleges that the Court has jurisdiction under, "28 U.S.C §§ 1331, 1337, and 1343(a); Title VII; 42 U.S.C. § 1981; and Title 9 U.S.C. §§ 1-14. Declaratory relief is proper pursuant to 28 U.S.C. § 2201." Defendant Hugo's has filed a Motion to Dismiss on the basis that the Court does not have subject matter or diversity jurisdiction over Plaintiff's Request for Declaratory Relief claim and the Complaint fails to state a claim upon which relief can be granted. The Court has not yet ruled on Defendant Hugo's Motion to Dismiss.

### 3. Nature of the Claim(s) and Relief Sought

Plaintiff brings a three count Complaint against Defendant Hugo's and the Individual Defendants. Two counts are against the Individual Defendants for race discrimination and hostile work environment under 42 U.S.C. § 1981. Plaintiff seeks from the Individual Defendants: "actual, general, special and compensatory damages in the amount of $200,000 and further demands judgment against [the Individual Defendants] for punitive damages in the amount of $60,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable."

The third count is a Request for Declaratory Relief against Defendant Hugo's seeking a declaration that Plaintiff's Arbitration Agreement with Defendant Hugo's is unenforceable. Plaintiff seeks to have that his Arbitration Agreement is unenforceable. Plaintiff seeks to have his Arbitration Agreement declared "void and unenforceable"; alternatively, Plaintiff seeks an order from the Court that Plaintiff is not obligated to pay half the costs of arbitration.

### 4. Principal Legal and Factual Issues

The principal legal and factual issues in the claims against the Individual Defendants are whether they are individually liable under 42 U.S.C. § 1981, whether they created a hostile work environment for Plaintiff on the basis of his race, and retaliated against him for allegedly complaining about racial harassment. There are two primary legal and factual issues germane to Defendant Hugo's. The first of which concerns whether or not an employee who enters into an arbitration agreement with his employer is obligated to pay half the costs of arbitration. Defendant Hugo's contends the second issue is whether the Court has jurisdiction over the declaratory relief claim, and, if so, whether Defendant Hugo's Arbitration Agreement with Plaintiff is enforceable as it is written.

### 5. Unserved Defendants

All Defendants were served and have filed appearances.

### B. Proceedings To Date and Discovery

#### 1. Summary and Date of All Substantive Rulings

The Court has not made any substantive rulings to date. On February 15, 2010, Plaintiff filed the Complaint. On March 9, 2010, Defendant Hugo's filed a Motion to Dismiss the Request for Declaratory Relief Claim (the only claim against it), and on March 18 and 19, 2010, the Individual Defendants filed three separate motions to dismiss the two claims against them, and filed Motions to Proceed in *Forma Pauperis* and Motions for Appointment of an Attorney.

#### 2. Description of All Pending Motions

As described in section B.1. above, there are multiple motions currently pending that have not been ruled upon. Defendant Hugo's filed a Motion to Dismiss the Request for Declaratory Relief claim (*see* Dkts. 12 and 13). All three Individual Defendants have filed separate motions to dismiss both counts against them under 42 U.S.C. § 1981 (*see* Dkts. 17, 19,

2

and 27), and Motions to Proceed in *Forma Pauperis* and Motions for Appointment of an Attorney. All of the aforementioned motions have been fully briefed and are awaiting a ruling by the Court.

### 3. Attached All Previously Filed Status Reports and Scheduling Orders

The Parties have not filed any prior status reports, and the Court has not issued any scheduling orders.

### 4. Summary of Discovery Taken and Remain to be Taken

The Parties have not commenced any discovery in this matter because they are awaiting the Court's ruling on Defendant Hugo's and Individual Defendants' various motions.

### 5. Discovery Deadlines

The Court has not issued any discovery orders or deadlines. The Parties will request a discovery cut off date after the Court rules on the various Motions to Dismiss.

## C. Trial

### 1. Jury Demand

Plaintiff has demanded a jury trial for the claims against the Individual Defendants under 42 U.S.C. §1981. Plaintiff is not entitled to a jury trial on his Request for Declaratory Relief and claim against Defendant Hugo's.

### 2. Trial Date

The Court has not ordered a trial date. The Parties have not yet begun discovery, and there is still a question of whether some or all of the Defendants are proper parties to the lawsuit. Defendant Hugo's and the Individual Defendants anticipate that they could be ready for a trial no sooner than Fall 2011. Plaintiff anticipates that he can be ready for trial (as to the Individual Defendants) within six months of the Court rendering a decision on the Individual Defendants' Motions to Dismiss. The relief sought by Plaintiff, specifically an order describing Plaintiff's financial obligation to the arbitration process, eliminates the need for speculation as to a trial date for the count germane to Defendant Hugo's.

### 3. Pre-trial Order

A Pre-trial Order has not been filed. The Court has not issued any deadlines to file a Pre-Trial Order.

### 4. Estimated Length of Trial

If any of the Motions to Dismiss are denied, the Parties anticipate a four-day trial.

D.  **Settlement**

   1.  **Settlement Discussions To Date**

The Parties have not held any formal settlement discussions.

   2.  **Settlement Conference**

The Parties have not requested a settlement conference and would not like to request a settlement conference at this time.

E.  **Magistrate Judge**

   1.  **Whether the Parties Consent to Proceed Before the Magistrate Judge for All Purposes**

The Parties do not consent at this time to proceed before the Magistrate Judge for all purposes.

   2.  **Prior Matters Referred to the Magistrate Judge**

Judge Hibbler has not referred any prior matters to the Magistrate Judge.

Dated: September 29, 2010                                   Signed and Approved by the Parties:

By: /s/ (with consent of) Christopher C. Cooper             By: /s/ Antonio Caldarone
Christopher C. Cooper                                        James J. Convery
Law Office of Christopher Cooper, Inc.                       Antonio Caldarone
3620 West 80th Lane                                          Laner Muchin Dombrow Becker
Merrillville, IN 46410                                         Levin and Tominberg, Ltd.
(312) 371-6752                                               515 North State Street, Suite 2800
(866) 334-7458 (fax)                                         Chicago, IL 60654
                                                             (312) 467-9800
Kellie K. Walters                                            (312) 467-9479 (fax)
The Law Practice of Kellie Walters                           *Attorneys for Hugo's, L.L.C., improperly sued*
800 W. Huron Street, Suite 4E                                *as Gibsons Restaurant Group, L.L.C.*
Chicago, IL 60642
(312) 428-5890
*Attorneys for Plaintiff Brandyn Falconer*

By: /s/ (with consent of) Sander Weiner                      By: /s/ (with consent of) Mathias Holke
Sander Wiener                                                Mathias Holke
1824 W. Nelson #1                                            3761 N. Southport
Chicago IL 60657                                             3rd Floor
*Pro Se Defendant*                                           Chicago IL 60613
                                                             *Pro Se Defendant*

4

By: <u>/s/ (with consent of) Andrew Barca</u>
Andrew Barca
210 S. DesPlaines Ave.
Unit 1105
Chicago IL 60661
*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I, Antonio Caldarone, an attorney, hereby certify that on September 29, 2010, I caused to be served a copy of the foregoing **Parties' Joint Status Report** in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

Christopher C. Cooper
Law Office of Christopher Cooper, Inc.
3620 West 80th Lane
Merrillville, IN 46410
(312) 371-6752
(866) 334-7458 (fax)

Kellie K. Walters
The Law Practice of Kellie Walters
800 W. Huron Street, Suite 4E
Chicago, IL 60642
(312) 428-5890
*Attorneys for Plaintiff Brandyn Falconer*

Mathias Holke
3761 N. Southport
3rd Floor
Chicago IL 60613
*Pro Se Defendant*

Andrew Barca
210 S. DesPlaines Ave.
Unit 1105
Chicago IL 60661
*Pro Se Defendant*

Sander Wiener
1824 W. Nelson #1
Chicago IL 60657
*Pro Se Defendant*

/s/Antonio Caldarone
Antonio Caldarone