UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDYN FALCONER, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 1013 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| GIBSONS RESTAURANT GROUP, L.L.C., | ) | |
| ANDREW BARCA, SANDER WEINER, and | ) | |
| MATTHIAS HOLKA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brandyn Falconer, at all relevant times a waiter at the Hugo's Frog Bar & Fish House restaurant in Chicago, filed this action against his employer, Gibsons Restaurant Group, L.L.C., and three of his co-workers, Andrew Barca, Sander Weiner, and Matthias Holka. Falconer seeks damages against the individual defendants for their alleged violation of 42 U.S.C. § 1981. Falconer does not bring a § 1981 or any other discrimination claim against Gibsons; rather, he seeks a declaratory judgment that his arbitration agreement with Gibsons is unconscionable and thus unenforceable under Illinois law. Before the court are separate motions to dismiss filed in March 2010 by each of the four defendants. On September 13, 2010, this action was reassigned to the calendar of the undersigned judge.

The individual defendants seek dismissal under Rule 12(b)(5) on the ground that they were not personally served with summons and under Rule 12(b)(6) for failure to state a claim. (The individual defendants, who are *pro se*, do not actually cite Rule 12(b)(5), but that is the appropriate provision for moving to dismiss for non-receipt of summons. *See* 5B Wright &

Miller, *Federal Practice and Procedure*, § 1353, at 334-39 (3d ed. 2004).)  Because the merits need not be entertained unless the individual defendants properly have been made subject to the court's jurisdiction, the Rule 12(b)(5) issue will be addressed first.

When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service occurred.  *See Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005); *Day v. Multi-Temp*, 2010 WL 3835886, *1 (N.D. Ill. Sept. 23, 2010).  In determining whether summons was personally served, the court may consider affidavits, other documentary evidence, depositions, and oral testimony.  *See Relational, LLC v. Hodges*, ___ F.3d ___, 2010 WL 4962818, at *2-3 (7th Cir. Dec. 8, 2010); *Cardenas v. City of Chicago*, 2010 WL 610621, at *2 (N.D. Ill. Feb. 15, 2010) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003)); Wright & Miller, *supra*, § 1353, at 344-45.  Although a court can expand the time for service, it may not excuse the requirement of service altogether.  *See McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001).  "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."  *Ibid*.

Rule 4(e), which governs service of process upon an individual, states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)  doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

© delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Illinois law, much like Rule 4(e)(2)(A), provides that service of summons upon an individual may be made "by leaving a copy of the summons with the defendant personally." 735 ILCS 5/2-203(a)(1). The question here is whether the individual defendants were personally served.

Each individual defendant submitted an affidavit averring that neither Tracy L. Walker—the process server who signed the returns of service—nor anyone else personally served him. Barca and Holka aver that an assistant manager at Hugo's handed them a copy of the summons and complaint; Weiner avers that the general manager did so. Weiner further avers that he was not working at Hugo's on the date (February 26, 2010) reflected on the returns of service. Finally, each individual defendant avers that he did not authorize anyone at Hugo's to accept summons on his behalf.

Falconer responds by pointing to the two returns of service he has filed with the court. The returns raise more questions than they answer. The first, filed on March 8, 2010 (Doc. 9), is dated February 26, 2010, is signed by Tracy L. Walker, and states that Walker effected service at Hugo's Frog Bar & Fish House, 1024 North Rush Street, Chicago, Illinois 60611. But the return does not reference the names of any of the individual defendants or of anybody who (supposedly) accepted service on their behalf; instead, it says "x3," which presumably refers to the number of individual defendants, but which may be legally insufficient to establish service. *See Relational, LLC*, 2010 WL 4962818, at *4 (citing *Homer*, 415 F.3d at 754). On March 22,

2010, three days after the individual defendants moved to dismiss on the ground that they were not personally served (Docs. 17, 19, 27), Falconer filed a second return of service (Doc. 30). The second return is a carbon copy (literally) of the first return, handwriting and all, except that "Andrew Barca, Sander Weiner, Mathias Holka" is handwritten under the lines indicating that service occurred at Hugo's.

Typically, a process server's signed return of service provides *prima facie* evidence of valid service, which the defendant "can … overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (internal quotation marks omitted). Even assuming that the returns of service filed by Falconer were entitled to *prima facie* effect—a proposition open to doubt, *see Homer*, 415 F.3d at 754—the odd and somewhat suspicious course of events described above, together with the individual defendants' affidavits, raise serious questions as to whether the *prima facie* case has been overcome. *See Pagel v. Inland Paperboard & Packaging, Inc.*, 2010 WL 107649, at *3 (C.D. Ill. Jan. 7, 2010) (granting Rule 12(b)(5) motion where return of service did not indicate which defendants had been served); *Hu v. Schurman*, 2009 WL 2382234, at *2 (C.D. Ill. July 29, 2009) (granting 12(b)(5) motion where defendant averred that he was not properly served and where return of service suffered from "inconsistencies"); *Chico v. Miller*, 2005 WL 2664586, at *4 (N.D. Ill. Oct. 19, 2005) (granting 12(b)(5) motion where police officer did not authorize colleagues at station house to accept service on his behalf). Under these circumstances, an evidentiary hearing is in order to test the parties' conflicting accounts. The individual defendants' Rule 12(b)(5) motion will be resolved based upon the findings made at the evidentiary hearing. *See Relational*,

2010 WL 4962818, at *4-5.  If the Rule 12(b)(5) motion is denied, the court will turn to the individual defendants' Rule 12(b)(6) motion.

Gibsons seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  Subject matter jurisdiction must be addressed before the merits.  *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.").  Falconer's declaratory judgment claim against Gibsons alleges that two provisions in his arbitration agreement with Gibsons—according to Falconer, one provision allows only Gibsons to obtain injunctive relief, while the other might require him to pay half of the arbitration costs—are unconscionable.  Because Falconer has not actually sued Gibsons for violating § 1981 or any other federal or state law, there is no way to know whether Gibsons will attempt to compel arbitration.  Given this significant contingency, Falconer's challenge to the above-referenced provisions are not ripe, thereby depriving the court of subject matter jurisdiction.  *See Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1341 (11th Cir. 2000) ("In light of the increasing use of such agreements in a wide variety of consumer transactions, as well as in the employment context, requiring a plaintiff seeking relief from an arbitration agreement to demonstrate a real threat that the agreement will be invoked against him helps maintain a manageable caseload for the courts and prevents courts from becoming merely legal counselors and their adjudications merely advice.  If and when First Family seeks to compel arbitration of a TILA claim, the plaintiffs can challenge the agreement as unenforceable at that time."); *Bd. of Trade of City of Chicago v. CFTC*, 704 F.2d 929, 933-34 (7th Cir. 1983) (holding that challenge to CFTC rule requiring arbitration of certain claims was not ripe, reasoning that because "the threat of future enforcement [of the rule]

is causing the Board and its members no immediate harm, nothing is lost by foregoing judicial review of the Board's claim until such an instance occurs").

Even if Falconer's challenge to the arbitration provisions were ripe as a constitutional matter, the court would exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to postpone its consideration. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). If the claims against the individual defendants are dismissed, Falconer's declaratory judgment claim against Gibsons, brought between non-diverse defendants and resting on state law, would be dismissed under 28 U.S.C. § 1367(c)(3). *See Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law … that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). Accordingly, assuming there is subject matter jurisdiction, the interest of judicial economy would warrant staying consideration of Falconer's claim against Gibsons until the court resolves whether Falconer can proceed with his claims against the individual defendants.

To summarize, the court will conduct an evidentiary hearing (to be attended by Walker and the individual defendants) to determine whether the individual defendants were personally served with summons. Falconer's declaratory judgment claim against Gibsons is dismissed without prejudice for lack of subject matter jurisdiction on ripeness grounds. If Falconer amends his complaint to bring a federal discrimination claim against Gibsons and Gibsons then seeks to compel arbitration, Falconer may renew his challenge the enforceability of the arbitration provisions at that time.

January 6, 2011

_____
United States District Judge