UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDYN FALCONER, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 1013 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| GIBSONS RESTAURANT GROUP, L.L.C., | ) | |
| ANDREW BARCA, SANDER WEINER, and | ) | |
| MATTHIAS HOLKA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brandyn Falconer, at all relevant times a waiter at Hugo's Frog Bar & Fish House restaurant in Chicago, filed this action against his employer, Gibson's Restaurant Group, L.L.C., and three of his co-workers, Andrew Barca, Sander Weiner, and Matthias Holka. In an order entered January 6, 2011, familiarity with which is assumed, the court dismissed the claim against Gibson's without prejudice for want of subject matter jurisdiction, and held that an evidentiary hearing was necessary to resolve the individual defendants' motions to dismiss under Rule 12(b)(5) for insufficient service of process. 2011 WL 43023 (N.D. Ill. Jan. 6, 2011). Based on an assessment of the credibility of the witnesses presented at the evidentiary hearing, which took place on February 24, 2011, the court finds as a factual matter that the individual defendants were not served.

The key factual question here is whether Tracy Walker—a friend of Falconer's who is not a professional process server, but who agreed to serve summons on the individual defendants—"deliver[ed] a copy of the summons and of the complaint to the individual

[defendants] personally." Fed. R. Civ. P. 4(e)(2)(A); *see also* 735 ILCS 5/2-203(a)(1). Falconer has filed two returns of service, both signed by Walker. The first, filed on March 8, 2010 (Doc. 9), is dated February 26, 2010, is signed by Walker, and states that Walker effected service at Hugo's. That document does not reference the names of any of the individual defendants or of anyone else who accepted service on their behalf; instead, it says "x3"—which, Walker testified, refers to the number of individual defendants. The second return of service was filed on March 22, 2010 (Doc. 30), days after the individual defendants moved to dismiss. The second return is an identical copy of the first, except that "Andrew Barca, Sander Weiner, Mathias Holka" is handwritten under the lines indicating that service occurred at Hugo's.

Walker testified at the evidentiary hearing as follows. She received the complaints and summonses from Falconer; went to Hugo's on February 26, 2010, arriving shortly after 5:00 p.m.; gave three envelopes (each containing a summons and a complaint) to a woman at the hostess stand; and asked that the envelopes be given to the individual defendants. Walker then called Falconer, who told her that she needed to deliver the envelopes directly to the individual defendants. Walker went to Falconer's home, where he had three additional copies of the summons and complaint at the ready, and proceeded to the Blue Agave, a bar frequented by Hugo's staff, where she personally served all three individual defendants at 11:30 p.m. Walker testified that she initially did not write the names of the individual defendants on the return of service form, but that she did so at some point on February 26. She had no good explanation for why the return of service forms stated that service was effected at Hugo's rather than at the Blue Agave.

During their testimony, each individual defendant denied that Walker served him. Barca testified that Hugo's manager R.J. Ward gave him the summons on February 17, 2010, and that

he was not at Hugo's or the Blue Agave on February 26. Holka testified that Ward gave him the summons at Hugo's on February 25. Weiner testified that another Hugo's manager, Kevin Arnold, gave him his summons on February 20, and that he was not at Hugo's or at the Blue Agave on February 26. Ward testified that a hostess gave him the three envelopes, and that he gave one envelope to Barca that day and another envelope to Holka days later. Arnold testified that he gave Weiner his envelope.

A process server's signed return of service provides *prima facie* evidence of valid service, which the defendant "can … overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). There is such evidence here, as the returns of service are false—they aver that Walker served the individual defendants at Hugo's, which indisputably did not happen. As for whether service occurred at all, the court finds that the testimony presented by the individual defendants was credible and corroborated, while Walker's testimony was not. Walker falsely declared "under penalty of perjury" on the returns that the "[p]lace where" the individual defendants were "served" was "Hugo's Frog Bar & Fish House, 1024 N. Rush St. Chgo, IL 60611." Moreover, Walker testified that she wrote the individual defendants' names on the return of service on February 26, the day she supposedly attempted service at Hugo's and effected service at the Blue Agave. However, the first return of service filed with the court (Doc. 9), which does not include those names, indicates that it was transmitted via facsimile on March 3, making it extremely unlikely that Walker wrote the names on February 26. The court has little confidence in Walker's power of recollection, and believes that the events transpired not as she testified, but as the individual defendants, Ward, and Arnold testified. The court therefore concludes, as a factual matter, that the individual defendants were not served.

Falconer presented two fallback arguments at the conclusion of the evidentiary hearing. The first is that the individual defendants, even if not served, waived service by combining a motion to dismiss under Rule 12(b)(5) with a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See* Docs. 17, 19, 27. The argument cannot be reconciled with Rule 12(b), which plainly states: "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b). There was no waiver. *See Solo Cup Co. v. Paper Mach. Corp.*, 359 F.2d 754, 758 (7th Cir. 1966) ("[D]efenses to the merits may be joined with defenses as to the jurisdiction and as to proper venue without waiving such defenses."). The second argument, equally meritless, is that service was unnecessary because the individual defendants had actual notice of the lawsuit. Settled law holds that "a district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008); *see also Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453-54 (7th Cir. 2000).

An argument Falconer does *not* make is that the court, rather than dismissing the claims against the individual defendants for want of service, should extend the time for effecting service. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If an extension request is made under Rule 4(m), "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court *shall* extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Ibid*. Falconer has not requested an extension—not in his opposition to the individual defendants' motions to dismiss, or after the court issued its order expressing doubt as to whether service had occurred, or at the evidentiary hearing, or in the week that followed—but even if he had, the request would have been denied.

Falconer's failure to properly effect service resulted from two serious errors. The first was his decision to use Walker, an amateur, rather than an experienced process server. Falconer's attorney explained at the hearing that he often uses friends of his clients to effect service, and that he would "probably be rich" if he "had a dollar for every time" a mistake was made in those circumstances. It therefore is a mystery why the attorney did not use a professional in this case, though he did allow at the end of the hearing, when it had become very clear that things were very quickly going very south for his client, that "this is yet another lesson for me with regard to—it's probably always best to use a licensed process server or private detective." The second and more serious error was the failure to ask Walker whether she actually served the individual defendants at Hugo's. The attorney explained, "Perhaps in hindsight, I should have said, 'Were you at the frog and fish bar?' Your Honor, it never dawned on me that I should ask that question. I assumed that this is where she served them." It should have dawned on the attorney to ask that question, if not when he first received the signed return of service, then at least when the individual defendants moved to dismiss on the ground that they

-5-

had not been served. Yet the attorney did not learn until the day of the evidentiary hearing that service was not effected at Hugo's. The result of this inattention was the filing of two false returns of service, the filing of a brief that vouched for the truth of those false returns (Doc. 36 at 10; Doc. 36-4; Doc. 36-5), and the misleading of the court, whose earlier order was premised on the understanding that Falconer had conducted at least some basic inquiry into whether Walker effected service at Hugo's.

Given all this, Falconer could not show the "good cause" necessary for a mandatory extension under Rule 4(m). *See Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990) ("simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination"); *Powell v. Starwalt*, 866 F.2d 964, 965 (7th Cir. 1989) (good cause not shown where the plaintiff's attorney "was asleep at the switch, the opposite of good cause"); *see also Chiang v. U.S. Small Bus. Admin.*, 331 Fed. Appx. 113, 116 (3d Cir. 2009) (no "good cause" where plaintiffs, "who were represented by counsel, did not ask the District Court for an extension of time for service until they were facing a motion to dismiss"). The Advisory Committee Note provides that, in the absence of good cause, a permissive extension "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Comm. Note, 1993 Amendments. The individual defendants did not evade service or conceal a defect in attempted service—to the contrary, they promptly brought the lack of service to the court's attention—and the statute of limitations on Falconer's claim against the individual defendants, brought under 42 U.S.C. § 1981, has not yet run. *Compare Panaras*, 94 F.3d at 341 (vacating dismissal for want of service where the district court did not "fully consider" the fact

that the limitations period had run on plaintiff's claim). These considerations, together with the facts described above, would have led the court, had it been asked, to decline to exercise its discretion to grant a permissive extension.

The individual defendants' Rule 12(b)(5) motions to dismiss are granted, and the claims against them are dismissed without prejudice. Because Falconer has not attempted to amend his complaint to state a proper claim against Gibsons, which was dismissed without prejudice nearly two months ago, there are no claims pending against any defendant. This case is closed. Falconer should know that this disposition reflects no judgment regarding the merits of the factual allegations of discrimination in his complaint (Doc. 1 at 1-2, 5-6).

March 4, 2011

_____
United States District Judge